Jimmy Daniel MANOPPO; Raynold Kerry Manoppo, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–71338.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

Kaaren L. Barr, Seattle, WA, for Petitioners.

Kurt B. Larson, Russell J.E. Verby, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Jimmy Daniel Manoppo and Raynold Kerry Manoppo, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and Jimmy Manoppo's application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Zhang v. Gonzales,* 408 F.3d 1239, 1244 (9th Cir.2005), and claims of due process violations de novo, *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The agency determined that petitioners failed to file their asylum applications within one year of arrival, and that petitioners failed to demonstrate that either changed or extraordinary circumstances excused their late filed applications. Petitioners do not dispute these findings. Therefore, petitioners are ineligible for asylum.

■ Substantial evidence supports the IJ's finding that petitioners failed to establish past persecution because "an act of random violence during a period of significant strife" is insufficient to establish persecution. *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). Furthermore, even assuming the disfavored group analysis applies in the context of withholding of removal and applies to Christian Indonesians, petitioners have not demonstrated a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179,

ed by 9th Cir. R. 36-3.

1184–85 (9th Cir.2003); *cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Lastly, the record does not establish that petitioners demonstrated a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007). Accordingly, petitioners' withholding of removal claims fail.

■ Substantial evidence also supports the agency's denial of CAT relief because petitioners have not established that it is more likely than not that they will be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

■ We lack jurisdiction to review the agency's discretionary determination that Jimmy Manoppo failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas,* 424 F.3d at 929–30.

■ Jimmy Manoppo's request for a remand to allow the agency to consider new evidence of the December 26, 2004 earthquake and tsunami is unavailing. The proper recourse is to file a motion to reopen. *See* 8 C.F.R. §§ 1003.2(a), (c)(1).

■ Jimmy Manoppo's contention that the agency deprived him of due process by misapplying the law to the facts of his case, and by disregarding and distorting his evidence of hardship, is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas,* 424 F.3d at 930.

■ We lack jurisdiction to consider Raynold Manoppo's request to remand his case for further relief in the form of cancellation of removal for non-permanent resident because he did not raise it to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**